IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Riad Houmani,                                                    Case No. 3:07CV1552

               Plaintiff

       v.                                                                   ORDER

Roadway Express, Inc.,

               Defendant

Plaintiff bought a used commercial oven via e-bay for $1,525. He had the oven shipped to

Toledo, Ohio, using the defendant Roadway Express. On arrival, he claims, he saw that the oven had

been damaged in transit.

Roadway offered to reimburse the plaintiff for the purchase price of the oven. Plaintiff

demanded that Roadway pay the costs of repair, which Roadway understands would be $16,240, or,

failing repair, that Roadway pay for the cost of a new oven of the kind plaintiff bought used for

$1,525. According to plaintiff, a new oven would cost between $75,000 and $100,000.

Roadway not agreeing to plaintiff's demand, plaintiff brought this suit under the Carmack

Amendment, 49 U.S.C. § 14706. Roadway has filed a motion for partial summary judgment, seeking

a ruling that the measure of damages is the price plaintiff paid for the oven.

For the reasons that follow, the Roadway's motion shall be granted.

## Discussion

The measure of damages is a question of law. *See, e.g., Dorris v. Absher,* 179 F.3d 420, 426-

27 (6th Cir. 1999) (issue about "the proper measure of damages . . . are questions of law"). The

Carmack Amendment, provides that the measure of damages is the "actual loss" caused by the shipper. *Fredette v. Allied Van Lines*, 66 F.3d 369, 372 (1st Cir. 1995).

As a general rule, as plaintiff contends [and defendant appears to agree], "actual loss" is the market price of the shipped item at the point of destination. *Eastman Kodak Co. v. Westway Motor Frieght, Inc.*, 949 F.2d 317, 319 (10th Cir. 1991); *L.A. Enterprises, Inc. v. Roadway Exp., Inc.*, 2006 WL 1129389, *2 (E.D. Tenn.) ("The amount of actual loss to property is generally the difference between the market value of the property in the condition in which it should have arrived at its destination and its market value in the condition in which it did arrive.").

A different method of computing damages is more accurate, but the shipper's compensation cannot exceed more than his injury: *i.e.* the actual loss of or to the cargo. *American Nat. Fire Ins. Co. v. Yellow Freight Systems, Inc.*, 325 F.3d 924 (7th Cir. 2003); *Project Hope v. M/V IBN SINA*, 250 F.3d 67 (2nd Cir. 2001). The owner of goods received in a damaged condition is not, in any event, entitled to a windfall. *Project Hope, supra*, 250 F.3d at 77; *see also Oak Hall Cap and Gown Co., Inc. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291 (4th Cir. 1990).

In light of these settled principles, I agree that in this case the plaintiff's actual loss is what he paid for the oven – $1,525. That's what he paid, and his purchase price is the best measure of the used oven's anticipated value to him on its arrival in Toledo. That he may have gotten a good deal – or even a really, really good deal – does not mean that he should now enjoy the windfall of the damages beyond the purchase price that he seeks.

It is, therefore,

ORDERED THAT

1. Defendant's motion for partial summary judgment [Doc. 16] be, and the same hereby is granted;

2. The parties shall submit a status report on or before April 1, 2008, informing the court as

to what further action they desire the court to take in this case.

So ordered.


                              s/James G. Carr
                              James G. Carr
                              Chief Judge